In the Matter of the Claim of CHARLES STOERZER, Respondent, against THE CITY OF NEW YORK, Appellant.*

STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes and Heffernan, JJ., concur; Crapser, J., dissents, with an opinion, in which McNamee, J., concurs.

CRAPSER, J. (dissenting). The claimant, a physician and surgeon licensed to practice in the State of New York, had been employed for fourteen and a half years as a physician by the city of New York in the department of correction; he worked seven days a week and received $2,460 per year, and while incising an inmate's hand the claimant's scalpel slipped and cut his left thumb. As a result of the accident an infection developed, resulting in the loss for which the award herein has been made.

It is unquestioned that four or more operatives were also engaged in the same department wherein the claimant was employed.

Subdivision 5 of section 2 of the Workmen's Compensation Law reads as follows: "' Employment ' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith, except where the employer and his employees have by their joint election elected to become subject to the provisions of this chapter as provided in section three."

The only question presented upon this appeal is whether employment by a municipal corporation is covered by section 3, group 18, of the Workmen's Compensation Law.

Section 3, group 15, provides compensation for persons in employment as keepers, guards, nurses or orderlies in a prison, reformatory, insane asylum or hospital maintained by a municipal corporation or other subdivision of the State.

Group 16 of the same section provides compensation for any person in employment by the State, notwithstanding the definition of employment contained in said act.

Group 17 secures compensation for all municipal employees who are engaged in the employments enumerated in the first sixteen groups.

* Revd., 267 N. Y. 339.

Group 18 secures compensation to all employees except persons engaged in a clerical, teaching or non-manual capacity, in or for a religious, charitable or educational institution, notwithstanding the definition of employment in said law, not hereinbefore enumerated, carried on by any person, firm or corporation, in which there are engaged or employed four or more workmen or operatives regularly in the same business or in or about the same establishment.

The words " all other employments * * * not hereinbefore enumerated," with which group 18 begins, restrict the coverage to employments not covered by the preceding seventeen groups. It does not cover employees of a municipal corporation because they are covered by group 15 and group 17.

The Legislature by group 18 has covered all other employments not covered by the preceding groups which are carried on by any person, firm or corporation. If it had been the intention of the Legislature to have this section cover the employees of a municipal corporation it would have included them.

The term " municipal corporation," in group 17, was coupled with the term " state," and the intendment of that provision was reasonably and logically related to units of government; whereas, the term " corporation," as it was used in group 18, was used with the terms " person " and " firm," so that the natural conclusion is that it means a private corporation. When the provisions are read together, it is clear that they are mutually exclusive.

It is to be noted that nowhere in the law is there specific reference to employment as a physician. If it had been the intention of the Legislature to cover physicians it is reasonable to suppose that they would have included them under group 15, where the nurse is provided for.

The Legislature has provided that political subdivisions and municipal corporations should also be held responsible to those among their employees who were engaged in the hazardous employments specified in the law under groups 15 and 17.

The Legislature had the power to extend the limited liability of municipal corporations to all employees, but it has not seen fit to do so, and it is not for courts to enlarge the application of the Workmen's Compensation Law beyond the intention of the Legislature.

The profesional services involved in the employment in this case are clearly excluded from the operation of the law.

The award should be vacated and the claim dismissed, with costs against the State Industrial Board.

McNamee, J., concurs.